**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4588**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY EDWARD PATTON, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (CR-03-93)

---

Submitted:  February 28, 2006        Decided:  April 4, 2006

---

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Larry Edward Patton, Jr. appeals his sentence to thirty-seven months in prison, three years of supervised release, and restitution following his guilty plea to one count of conspiracy to transport stolen property and one count of transporting stolen property in violation of 18 U.S.C. §§ 2, 371, 2314 (2000).[1] Patton contends the district court erred by treating the sentencing guidelines as advisory and by enhancing his sentence based on judicial fact-finding. We affirm.

Patton's sentence was imposed after the issuance of Blakely v. Washington, 542 U.S. 296 (2004), but before United States v. Booker, 543 U.S. 220 (2005), issued. The probation officer determined Patton's base offense level under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(a)(2) (2003) was six. He applied a ten-level enhancement under USSG § 2B1.1(b)(1)(F), based on a loss amount between $120,000 and $200,000; a two-level enhancement under USSG § 3B1.1(c) for Patton's role as an organizer; and a three-level decrease under USSG § 3E1.1 for acceptance of responsibility. He found Patton's criminal history category was IV, in part based on a determination that the instant offenses began within two years after Patton's release from custody

---

[1]This appeal was previously in abeyance for United States v. Blick, 408 F.3d 162 (4th Cir. 2005). However, as the Government has not sought enforcement of Patton's waiver of appellate rights contained in his plea agreement, we decline to consider whether the waiver is dispositive of this appeal.

on a prior charge pursuant to USSG § 4A1.1(e).  Accordingly, Patton's total offense level was fifteen and his guideline range was thirty to thirty-seven months in prison.  Patton did not object to the original presentence report or otherwise challenge the guideline calculations or findings of fact therein.[2]

After <u>Blakely</u>, Patton argued the district court was still required to apply the sentencing guidelines but was prohibited from making judicial findings of fact and enhancing his sentence above his base offense level of six.  The Government contended that <u>Blakely</u> either did not apply to the federal sentencing guidelines or that the guidelines should be applied as advisory.  The district court ruled that <u>Blakely</u> applied to the federal sentencing guidelines and that it would not apply the guidelines as mandatory but would consider them as advisory when sentencing Patton.  After hearing unrebutted evidence from the Government in support of the presentence report, the court adopted its findings of fact and guideline applications without change.  Based on Patton's extensive criminal history and the seriousness of the offenses, the court sentenced him to thirty-seven months in prison.  Pursuant to the

---

[2]The probation officer filed an addendum to the presentence report showing greater losses than stated in the original report, and Patton objected to the new restitution amounts.  However, the probation officer did not increase the loss amount for purposes of determining Patton's guideline range.  He further did not apply a two-level increase under USSG § 2B1.1(b)(2)(A) for an offense involving more than ten victims based on stipulations in the parties' plea agreement.

parties' plea agreement, the court dismissed three additional counts.

"Concluding that the mandatory application of the Sentencing Guidelines is what offended the Sixth Amendment jury right," the Supreme Court in <u>Booker</u> observed that if they were "'read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment.'" <u>United States v. Green</u>, 436 F.3d 449, 454-55 (4th Cir. 2006) (quoting <u>Booker</u>, 125 S. Ct. at 750). Because the guidelines were binding, the Court "found no distinction of constitutional significance between the guidelines and the state sentencing scheme it evaluated and found wanting in <u>Blakely</u>." <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).

To effectuate congressional intent, the Supreme Court "excised the provisions of the Sentencing Reform Act that mandated sentencing and appellate review in conformance with the guidelines, thereby rendering the guidelines 'effectively advisory.'" <u>Id.</u> (citations omitted). Although they are no longer mandatory, a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." <u>Booker</u>, 125 S. Ct. at 767. "[T]he court must make factual findings, as appropriate or necessary to carry out its sentencing function, and in every case give the reasons for the sentence imposed." <u>Green</u>, 436 F.3d at 455. "We

- 4 -

will affirm the sentence imposed as long as it is within the statutorily prescribed range, and is reasonable." Hughes, 401 F.3d at 546-47 (citations omitted).  A sentence imposed within the properly calculated guidelines range is presumptively reasonable. Green, 436 F.3d at 457.

On appeal, Patton does not contend that the district court erred in its guideline calculations, only that the court's factual findings violated his Sixth Amendment rights.  We disagree. Because the district court properly treated the guidelines as advisory only, there was no Sixth Amendment error.  Moreover, it is undisputed that the sentence imposed was within both the statutorily prescribed and properly calculated guidelines ranges. We conclude the sentence was reasonable.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED